# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JOHNNIE DUANE JOHNS, | : |
| Petitioner, | : |
| | : CIVIL ACTION NO. 09-0386-WS-C |
| vs. | : |
| | : CRIMINAL NO. 07-0232-WS-C |
| | : |
| UNITED STATES OF AMERICA, | : |
| Respondent. | : |

## ORDER

This cause is before the undersigned on petitioner's *ex parte* motions for the issuance of subpoenas. (Docs. 205-208.) Therein, petitioner seeks the procurement, by subpoena, of the testimony of Thomas M. Haas, Esquire, Officer Kenyada Taylor, Sergeant Tommy McDuffie, and Jessica Lane Lynch at the April 19, 2011 evidentiary hearing. (*See id.*) Petitioner seeks issuance of said subpoenas pursuant to Rule 6 of the Rules Governing Section 2255 cases and Rule 17(b) of the Federal Rules of Criminal Procedure. (*See id.*)

While it is clear that "[t]he Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions of these rules, may be applied to a proceeding under these rules[,]" 28 U.S.C. § 2255, Rule 12; *compare id. with* Rule 6, the undersigned **DECLINES** petitioner's

1

request to issue *ex parte* subpoenas pursuant to Fed.R.Crim.P. 17(b) ("Upon a defendant's ex parte application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense.") in this decidedly civil disposition of a completed criminal proceeding, *Anderson v. Singletary*, 111 F.3d 801, 804 (11th Cir. 1997) ("'[H]abeas corpus cases are, in effect, hybrid actions whose nature is not adequately captured by the phrase "civil action"; they are independent civil dispositions of completed criminal proceedings. The "civil" label is attached to habeas proceedings in order to distinguish them from "criminal" proceedings, which are intended to punish and require various constitutional guarantees.'"); *see also Harris v. Nelson*, 394 U.S. 286, 293-294, 89 S.Ct. 1082, 1087, 22 L.Ed.2d 281 (1969) ("It is, of course, true that habeas corpus proceedings are characterized as 'civil.' But the label is gross and inexact. Essentially, the proceeding is unique."), particularly since a district court is required to issue subpoenas for indigent parties "in civil proceedings . . . pursuant to 28 U.S.C. § 2255." *Lloyd v. McKendree,* 749 F.2d 705, 707 (11th Cir. 1985) (citing 28 U.S.C. § 1825; other citations omitted). Instead, Rule 45 of the Federal Rules of Civil Procedure is the proper vehicle by which petitioner may obtain subpoenas in this matter.

Johns has established his indigency, the undersigned having appointed the Federal Public Defender to represent the incarcerated petitioner in this matter on October 13, 2010. (Doc. 190.) Moreover, petitioner has satisfied the undersigned that the prospective witnesses' testimony is relevant and material to an issue in this § 2255 action, that is, whether petitioner's trial attorney provided ineffective assistance of counsel at sentencing

2

for, among other things, failing to contest the weapons enhancement. *Cf.* SD ALA LR 83.9(f)(1) ("In all civil and criminal actions of any kind proceeding in forma pauperis, if the indigent party desires the procurement of the attendance of any witness by subpoena or writ, he shall file (and, except in criminal actions, serve)—not later than twenty (20) days before the trial or hearing[1]—a witness list containing the names and addresses of witnesses . . . and a brief statement of the expected testimony of each witness (if their stated testimony is not material or is simply repetitive, the court may in its discretion decline to order the procurement of the witness."). Accordingly, the undersigned **GRANTS** petitioner's four motions to the extent his counsel is authorized to issue Rule 45 subpoenas to the hereinabove-identified witnesses and command their appearance for the purpose of giving testimony at the April 19, 2011 evidentiary hearing.

Inasmuch as the undersigned has authorized the issuance of subpoenas, the fees of the foregoing four witnesses, "shall be paid by the United States marshal for [this] district . . . on the certificate of [the] Federal public defender or assistant Federal public defender[.]" 28 U.S.C. § 1825(b)(1); *compare id. with* SD ALA LR 83.9(f)(2) ("In actions under 28 U.S.C. §§ 2254 and 2255, and indigent criminal actions, the witness and Marshal's service fees and expenses for the subpoena of all witnesses, parties or not, ordered subpoenaed shall be paid by the United States Marshal from United States funds.").

---

[1] Although technically untimely, the undersigned finds that there is sufficient time for the subpoenaing of the four witnesses petitioner desires to appear and give testimony at his evidentiary hearing.

This order is **NOT** to be sealed as it is not issued pursuant to Rule 17(b) of the Federal Rules of Criminal Procedure. In addition, the undersigned **ORDERS** the unsealing of petitioner's four motions (Docs. 205-208).

**DONE** and **ORDERED** this the 8th day of April, 2011.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**